IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Criminal Action No. 5:19CR31
                                                        (STAMP)
JAMES JOSEPH MICHAELS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
OVERRULING DEFENDANT'S OBJECTIONS AND
DENYING DEFENDANT'S MOTIONS TO SUPPRESS**

On August 6, 2019, the defendant was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1. On October 17, 2019, the defendant, James Joseph Michaels, filed two motions to suppress. ECF Nos. 19 and 20. One motion to suppress seeks to exclude from trial all statements the defendant made before, during, and after a search of his residence by postal inspectors on March 12, 2019. ECF No. 19. The other motion to suppress seeks to exclude from trial evidence obtained in violation of the defendant's constitutional rights under the Fourth Amendment of the United States Constitution. ECF No. 20. Specifically, the defendant moves to suppress a firearm seized during a warrantless search of the defendant's residence. Id.

United States Magistrate Judge James P. Mazzone issued a report recommending that the defendant's motion to suppress be denied. ECF No. 30. The defendant filed objections to the magistrate judge's report and recommendation. ECF No. 37. The government then filed a response to the defendant's objections. ECF No. 39. For the following reasons, this Court adopts and affirms the report and recommendation, denies the defendant's motions to suppress and overrules the defendant's objections.

I. Background

On March 12, 2019, postal inspectors working at a distribution center in Warrendale, Pennsylvania took a package that was addressed to the defendant at the defendant's home located at 104 Kuroki Street, Wellsburg, West Virginia. Once the inspectors arrived at the defendant's residence, the inspectors met the defendant's ex-wife, Tiffani Kriebel ("Ms. Kriebel"). The parties dispute whether Ms. Kriebel then provided consent for the postal inspectors to search the residence wherein the subject firearm was discovered or to only enter and speak with the defendant. Upon meeting the defendant, the postal inspectors then asked the defendant some questions. The defendant claims that he was not properly informed of his Miranda[1] rights. Conversely, the government's witness, Lindsay Weckerly ("Weckerly"), a postal inspector who came into contact with the package at issue,

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

2

testified that the defendant was read his Miranda rights after the postal inspectors explained that the defendant's best option would be to cooperate with them. ECF No. 33 at 10. Another government witness, James Pierce ("Mr. Pierce"), another postal inspector who was working on the postal interdiction at the Warrendale, Pennsylvania postal facility on the day the package at issue was found, testified that he did not read the defendant his Miranda rights, does not recall hearing either of his colleagues read Miranda warnings to the defendant, but indicated that he does not believe that he was physically present at the time the other inspectors may have read Miranda warnings to the defendant. ECF No. 34 at 26. During the encounter, the postal inspectors presented, and the defendant signed and initialed, a "consent to search" form that authorized consent for the postal inspectors to search the defendant's cellular telephone and his residence. ECF No. 33 at 14. The defendant claims that he was not aware that the form authorized search of his residence. ECF No. 33 at 51. Another government witness, Brandon Holestine ("Mr. Holestine"), a postal inspector who came across the subject package while on duty, testified that Ms. Weckerly informed the defendant of his Miranda rights in Mr. Holestine's presence and that the defendant was advised that he could invoke those rights at any time. ECF No. 34 at 50.

Following two evidentiary hearings that took place on October 31, 2019 and November 5, 2019, Magistrate Judge Mazzone entered a report recommending that the defendant's motions to suppress be denied. ECF No. 30. In making his recommendation, the magistrate judge "relied upon the testimony of Inspectors Weckerly and Holestine in assessing the issues raised by the defendant." Id. at 24. Specifically, the magistrate judge found that the defendant was not in custody during his interview with the postal inspectors because: (1) the defendant was interviewed inside his home, (2) the interview lasted for about one to one and one-half hours, (3) only two or three inspectors who were at the defendant's house that day participated in the interview, with only one inspector conducting primary communication, (4) the postal inspectors did not raise their voices, (5) the atmosphere surrounding the interview was calm, (6) the postal inspectors did not draw their weapons, did not wear flak jackets or bullet-proof vests, (7) the defendant was not physically restrained or handcuffed, and (8) the defendant seems to have been able to move about if he chose to do so. Id. at 26. Magistrate Judge Mazzone also concluded that Miranda warnings were given to the defendant and that the defendant's consent and Ms. Kriebel's consent were knowing and intelligent under the circumstances. Id. at 26-28. The defendant then filed objections to the report and recommendation. ECF No. 37. The government then filed a response to the defendant's objections. ECF No. 39.

II. Applicable Law

Under the Federal Magistrates Act, 28 U.S.C. §§ 631-639, a district court may designate a magistrate judge to consider motions to suppress evidence and statements as unconstitutionally obtained. Id. § 636(b)(1)(B). After the magistrate judge has considered such a motion, he must submit "proposed findings of fact and recommendations for the disposition." Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983) (internal quotation marks omitted). The parties are entitled to file written objections to the magistrate judge's report and recommendation within 14 days, and the district court must conduct a de novo review of the findings and recommendations objected to. Id.; 28 U.S.C. § 636(b)(1)(C). Any findings to which no party objects are upheld by the district court unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(C).

III. Discussion

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Searches without probable cause are presumptively unreasonable, but if an individual consents to a search probable cause is unnecessary." United States v. Robertson, 736 F.3d 677, 679-80 (4th Cir. 2013) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973)). Courts must "apply a subjective test to analyze

5

whether consent was given, looking to the totality of the circumstances." Id. at 680. The government has the burden of proving consent by a preponderance of the evidence. Id. (citing United States v. Mendenhall, 446 U.S. 544, 557 (1980)).

In assessing the defendant's motions to suppress, the magistrate judge was "not persuaded that Defendant's version of events is the most accurate accounting of what actually transpired," and that due to various inconsistencies, "Ms. Kriebel's testimony is inherently incredible." ECF No. 30 at 23. Moreover, the magistrate judge found that "the postal inspectors' testimony, particularly the testimony of Weckerly and Holestine, was consistent, both with each other and with the version of events their testimony portrayed." Id. at 24. Relying upon the testimony of Ms. Weckerly and Mr. Holestine, the magistrate judge concluded that the defendant failed to establish a basis upon which to suppress the statements and evidence that are the subject of the defendant's motions to suppress. Id. at 28. The magistrate judge further found that the defendant was advised of his Miranda rights, the defendant was not in custody during his interview with the postal inspectors, and the government demonstrated by a preponderance of the evidence that it obtained the defendant's and Ms. Kriebel's consent to search the subject residence. Id. at 24-28. The defendant objects to the magistrate judge's credibility determinations, to his conclusion that Ms. Kriebel provided consent

6

for the postal inspectors to search the subject residence and to his conclusion that the defendant's consent was voluntary. ECF No. 37 at 2-4, 8.

A.  The Magistrate Judge's Credibility Determinations

The defendant objects to the magistrate judge's credibility determinations. ECF No. 37 at 4. The defendant contends that Mr. Pierce could not recall various facts during his cross-examination, and that his testimony is "completely unhelpful and should be disregarded by the Court." Id. The defendant also asserts that the testimony of Ms. Weckerly and Mr. Holestine are not credible because they did not obtain a signed Miranda-wavier form from the defendant. Id. The defendant further contends that the testimony of the postal inspectors are inconsistent as to the facts pertaining to whether the postal inspectors informed the defendant of his Miranda rights. Id. at 5.

Where a party objects to a magistrate judge's credibility determinations, the district court must conduct a de novo determination on credibility, but the court need not "rehear the contested testimony in order to carry out the statutory command to make the required 'determination'" under § 636. United States v. Raddatz, 447 U.S. 667, 674 (1980). This is because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." Id. at 676.

7

However, a district court may not reject a magistrate judge's credibility findings without first conducting a de novo evidentiary hearing. United States v. Ridgway, 300 F.3d 1153, 1157 (9th Cir. 2002); United States v. Cofield, 272 F.3d 1303, 1305-06 (11th Cir. 2001); Cullen v. United States, 194 F.3d 401, 407 (2d Cir. 1999); Hill v. Beyer, 62 F.3d 474, 482 (3d Cir. 1995); Louis v. Blackburn, 630 F.2d 1105, 1109-10 (5th Cir. 1980); see also United States v. Johnson, 107 F. App'x 322, 331-32 (4th Cir. 2004) (Duncan, J., dissenting) (noting that the Courts of Appeals considering this issue are in agreement).

A magistrate judge's credibility determinations based on live testimony are entitled to deference where they are supported by the record as a whole. See United States v. Gibbs, 421 F.3d 352, 357 (5th Cir. 2005) (noting that the district court's "deference to the magistrate's credibility determinations is appropriate when they are supported by the record"); Cullen, 194 F.3d at 407 (providing that "a district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge"); Peyton v. Watson, No. 7:09CV492, 2011 WL 1979041, at *2 (W.D. Va. May 20, 2011) (conducting a de novo review of the record and determining that the magistrate judge's credibility determinations were entitled to deference because they were supported by the record as a whole). Thus, when a party objects to a magistrate judge's

8

credibility determinations, the district court must first determine whether those determinations are supported by the record as a whole. See United States v. Starling, No. 3:11CR30, 2011 WL 5445351, at *7-8 (N.D. W. Va. Nov. 9, 2011). If they are, then the district court must defer to the magistrate judge's credibility determinations. See id.; Peyton, 2011 WL 1979041 at *2. If those determinations are not supported by the record as a whole, the district court must hold a new evidentiary hearing and make its own determination. See Starling, 2011 WL 5445351, at *7-8.

After thoroughly reviewing and conducting a de novo review of the entire record, including the transcript of the evidentiary hearings, this Court finds that Magistrate Judge Mazzone's credibility determinations are supported by the record as a whole. The defendant contends that various portions of the record do not support the magistrate judge's credibility determinations, including the inspectors' failure to have the defendant sign a Miranda-waiver form and alleged inconsistencies between the postal inspectors' testimony. However, based on this Court's review of the record, the defendant's objections are without merit. The record as a whole supports the magistrate judge's credibility determinations. Accordingly, this Court will afford the credibility determinations appropriate weight.

B. Voluntariness of Consent

As discussed above, this Court must look to the totality of the circumstances to determine whether the defendant's consent was subjectively voluntary. Robertson, 736 F.3d at 680. Relevant factors include: (1) the inspectors' conduct; (2) the number of inspectors present; (3) the time of the encounter; (4) the characteristics of the person searched, including age and education; and (5) whether the individual searched was informed of the right to decline the search. Id. The United States Court of Appeals for the Fourth Circuit has emphasized that the final factor is "highly relevant." Id. The government has the burden of proving consent by a preponderance of the evidence. Id. (citing United States v. Mendenhall, 446 U.S. 544, 557 (1980)).

In light of the magistrate judge's credibility determinations, this Court finds that both Ms. Kriebel and the defendant provided consent to search of the subject residence. When the postal inspectors asked Ms. Kriebel to conduct the search, she provided consent. ECF No. 33 at 8; ECF No. 34 at 48. Moreover, the record demonstrates that there were three inspectors at the defendant's residence and only two of the three inspectors interviewed the defendant. ECF No. 33 at 73; ECF No. 34 at 51. The inspectors never physically restrained or handcuffed the defendant. ECF No. 33 at 10, 77; ECF No. 34 at 11, 52. The inspectors' weapons were not drawn. ECF No. 33 at 17; ECF No. 34 at 6, 12, 45, 58, 64. The inspectors informed the defendant of his Miranda rights. ECF

No. 33 at 9; ECF No. 34 at 50. The inspectors reviewed a consent-to-search form with the defendant, and the defendant signed and initialed the form. ECF No. 33 at 13; ECF No. 34 at 13-15, 55-56, 89. Written consent is one fact to be considered among the other facts that further supports a finding that the defendant's consent was voluntary under the circumstances presented in this criminal action. See United States v. Boone, 245 F.3d 352, 362 (4th Cir. 2001). This Court also notes that at the time of the defendant's consent, the defendant was 52 years old with some college education. ECF No. 33 at 41.

Based on these circumstances, this Court finds that the government carried its burden of proving that the defendant voluntarily provided consent for the search. The record supports a finding that the defendant could have refused to consent. The defendant failed to provide sufficient evidence to show otherwise.

IV. Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation (ECF No. 30) is AFFIRMED AND ADOPTED. Accordingly, the defendant's motions to suppress (ECF Nos. 19 and 20) are DENIED and the defendant's objections (ECF No. 37) are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     December 20, 2019

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE